IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-00418-RBJ

DEONICIO CASTILLO CABRAL,

      Petitioner,

v.

JUAN BALTAZAR, ROBERT HAGAN,
KRISTI NOEM, TODD LYONS,
PAM BONDI,

      Respondents.

# ORDER

This matter comes before the Court on petitioner Mr. Castillo Cabral's (petitioner or Mr. Castillo Cabral) "Verified Petition for a Writ of Habeas Corpus" (Petition), ECF No. 1, and "Motion for a Temporary Restraining Order," ECF No. 2. A noncitizen who entered the United States without inspection and has been living here for nearly 30 years, Mr. Castillo Cabral was arrested by U.S. Immigration Customs and Enforcement (ICE), and placed in removal proceedings. ECF No. 1 at ¶ 1. He was taken to the Denver Contract detention Facility where he has remained detained without the opportunity to request bond ever since. *Id.* at ¶¶ 1-2.

1

Mr. Castillo Cabral alleges that respondents are unlawfully detaining him under 8 U.S.C. § 1225(b)(2)(A) of the Immigration and Nationality Act (INA), which mandates detention during removal proceedings for "applicant[s] for admission" who are "seeking admission" to the United States. Mr. Castillo Cabral asserts that this provision does not apply to him, and therefore, his present mandatory detention violates due process under the Fifth Amendment, his statutory right to a bond hearing under 8 U.S.C. § 1226(a) and accompany regulations, the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), and his eligibility for bond as a member of certified Bond Eligible Class. *See* ECF No. 1 at ¶¶ 42-69.

Petitioner requests, *inter alia*, that this Court order his immediate release from custody on bond. *Id.* at 21; ECF No. 2 at 2. He further requests that the Court enjoin respondents from transferring him outside the jurisdiction pending resolution of this matter. ECF No. 1 at 22; ECF No. 2 at 2. For the reasons stated below, this Court will GRANT the Petition and the Motion to the extent that respondents are prohibited from transferring Mr. Castillo Cabral from the District of Colorado or removing him from the United States during the pendency of this case.

As this Court has previously explained, the question of what provision of the INA properly governs the detention of a noncitizen who, like petitioner, entered the country without inspection and has resided here for more than two years is a recurring issue. *See Campos-Melara v. Noem et al.*, 1:25-cv-03929-RBJ (D. Colo.

Dec. 9, 2025) (ECF No. 7); *Ugarte Hernandez v. Baltazar et al.*, 1:25-cv-04066-RBJ (D. Colo. Jan. 15, 2026) (ECF No. 16).

This Court has the inherent authority under the All Writs Act, 28 U.S.C. § 1651, to preserve its jurisdiction by enjoining the transfer of a noncitizen challenging his mandatory detention under § 1225(b)(2)(A). *See, e.g.*, *Castillo v. Andra-Ybarra*, Civ. No. 25-1074 JB/JFR, 2025 WL 3251223, at *12-13 (D.N.M. Nov. 21, 2025); *Alves v. U.S. DOJ*, Cause No. EP-25-CV-306-KC, 2025 WL 269763, at *5 (W.D. Tex. Sept. 12, 2025).

Therefore, to protect the status quo and preserve this Court's jurisdiction, the Court GRANTS the Petition and the Motion only insofar as respondents are hereby enjoined from removing petitioner from the United States or transferring him out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order or the case is terminated. At this time, the Court takes no action with respect to the remainder of the relief sought in the habeas petition.

To the extent they have not done so yet, no later than Wednesday, February 4, 2026, counsel for petitioner is directed to: (1) serve respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2) promptly file proof of such service on the docket. Counsel for respondents shall promptly enter notices of appearance, and, within 14 days of service, respondents are ORDERED TO SHOW CAUSE as to why the Petition and Motion should not

3

be granted by releasing petitioner or requiring a bond hearing within seven (7) days. *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (explaining that while 28 U.S.C. § 2243 refers to a three-day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself and granting respondents a 14-day deadline to respond) (internal citations omitted).

It is SO ORDERED.

Dated: February 3, 2026                BY THE COURT:

*[signature: Brooke Jackson]*

R. Brooke Jackson
Senior United States District Court Judge